## ROBERT McMASTER v. R. A. STEWART.

In an action of revendication for a slave, the parol declarations of defendant in regard to plaintiff's title, are inadmissible. The plaintiff cannot recover by the weakness of defendant's title—it must be by the strength of his own.

APPEAL from the Sixth District Court of New Orleans, *Cotton, J.* . *Foulhouse*, for plaintiff. *J. Henderson, Jr.*, for defendant and appellant.

MERRICK, C. J. This is an action of revendication brought to recover of the defendant a slave.

We think justice requires that this case should be remanded for a new trial. While the defendant complains that injustice has been done him by reason that he has been prevented from having a curator *ad hoc* appointed to represent the defendant in his demand in warranty, we find that the plaintiff has not adduced that clear proof which will enable him to recover, although the testimony makes it highly probable that such proof exists.

In this action, the plaintiff must recover on the strength of his own title. In the present case, the plaintiff has not shown title to the slave in controversy in

McMaster<br>v.<br>Stewart.

*Rutherford,* nor that he has himself *possessed* said slave long enough under his title, to acquire said slave by prescription. This defect in his testimony the plaintiff may be able to supply on a new trial.

In regard to the bills of exception, this controversy is between one of the parties to the act of sale from *James McMaster* to *R. A. Stewart* and a third person. The act of sale being set up by the defendant in his answer, is open to every means of defence in the hands of the plaintiff, without pleading the same otherwise than orally on the trial. We see therefore no reason why the plaintiff could not call upon the notary to prove any fact (the same being in other respects legitimate testimony) which is not contradictory to any statement made by him in the act, and we do not consider the testimony given contradicts anything stated in the act. Had the testimony of the notary been objected to on the ground that the parol declarations of *James McMaster* could not be offered in evidence to prove title in the plaintiff, it would have presented the question which we have to consider in the second bill of exceptions.

This bill was taken to the admission in evidence of the parol declarations of the defendant in regard to the plaintiff's title. We think this testimony should have been excluded. The plaintiff, as already observed, cannot recover by the weakness of his adversary's title, it must be by the strength of his own. Nor can the plaintiff perfect his title by the verbal admissions of his adversary; such proof being inadmissible. *Adams* v. *Gaynard,* 5 N. S., 250.

It is therefore ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this cause be remanded to the lower court for a new trial, with leave to the defendant to amend by filing his demand in warranty and praying for and requiring the appointment of a curator *ad hoc* to represent the absentee, and it is further ordered that the plaintiff pay the costs of the appeal.