THE GEORGIA PINE INVESTMENT AND MANUFACTURING COMPANY *v.* HOLTON *et al.*

1. Although a deed may describe several lots of land as one tract, yet if in fact they do not lie adjacent so as to constitute one tract, actual possession of one of the lots will not be constructive possession of another of them which neither adjoins the former nor is connected with it by intervening lots covered by the deed.
2. On the facts in evidence there was no error in denying the injunction prayed for.                    *Judgment affirmed.*

June 11, 1894.   Argued at the last term.

Petition for injunction. Before Judge SWEAT. Appling county. February 6, 1894.

On January 20, 1894, the plaintiff corporation presented its petition to enjoin Holton and Hall from boxing, cutting or working the timber on land lots 363 and 364 in the 5th district of Appling county. (See Acts 1885, p. 93; Acts 1887, p. 63; Acts 1889, p. 183.) Plaintiff alleged that it was the true and lawful owner of the timber for turpentine purposes on said lots, to which

privilege it had a perfect title; and that defendants had entered upon the lots and were engaged in boxing and working the timber for turpentine purposes, without any right to do so, to plaintiff's damage, etc. The title relied on by plaintiff rested upon a claim of possession for seven or more years under color of title. There was no allegation of insolvency or that the damage would be irreparable. Defendants denied the allegations of the petition, and set up a *bona fide* claim of title to the lots under a chain of deeds. Plaintiff introduced a number of deeds and leases, among them a deed made in December, 1883, and recorded in April, 1884, conveying many lots in Appling and other counties, including the two lots in question. It did not appear that plaintiff or those under whom it holds had held actual possession of either of these two lots. The extent of actual possession for as much as seven years had been over other lots covered by the deed, which did not adjoin these two, and were not connected with them by intervening lots covered by the deed. Plaintiff had actual possession of lots which do adjoin the two in question, for a few months and before defendants took actual possession of these two in November, 1893. Plaintiff had operated a railroad since 1886, which ran through the 5th district of Appling county; and had paid taxes on all the property covered by the deed since it was made. The injunction was denied.

L. A. WILSON and J. C. McDONALD, for plaintiff.

E. D. GRAHAM, by HARRISON & PEEPLES, *contra*.