(36 South. 806.)

No. 15,130.

ALEXANDER et al. v. LIGHT et al:

(May 23, 1904.)

TAX SALE—PURCHASE BY HUSBAND—PRESCRIPTION.

1. Where the husband, whilst acting as the agent of his wife, becomes the adjudicatee at tax sale of property belonging in indivision to her and her coheirs, in a succession of . which she is administratrix, he acquires no title thereto adverse to that of the owners, and the prescription quieting tax titles and titles acquired at public sales has no application.

(Syllabus by the Court.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Conrad De Baillon, Judge.

Action by George M. D. Alexander and another against Mary Ann Light and others. Judgment for plaintiffs. Defendants appeal. Affirmed.

Robert Montgomery, for appellants. Story & Pugh, for appellees.

Statement of the Case.

MONROE, J. Plaintiffs, George M. D. and Alfred Alexander, pray to be recognized as owners in indivision with the defendant Mrs. Mary Ann Light of certain land in the parish of Acadia, the title to which stands in the name of Samuel B. Light, and they further pray for a partition of the property.

There was judgment in favor of the plaintiffs, decreeing them to be part owners of the property, but remitting them to another action for a partition, and the defendants have appealed. The facts disclosed by the record are as follows:

The land in question had been acquired by Ambrose Alexander, who died intestate in 1886, leaving, as his heirs, his father, Alfred Alexander, his two brothers, G. M. D. and A. B. Alexander, plaintiffs herein, and his sister, Mrs. Light, defendant herein. In November, 1889, the plaintiffs transferred their interest in the property to their father by an instrument in the form of a quitclaim deed, which they allege and prove was intended as a donation.

In 1893 Alfred Alexander died intestate, leaving as his heirs the two plaintiffs and their sister, Mrs. Light; and the latter was appointed administratrix of his estate by the probate court of Montgomery county, Ohio, where the parties, with the exception of A. B. Alexander, resided. The administratrix turned the affairs of the estate, which seems to have consisted exclusively of the interest of the deceased in the land here in controversy, over to her husband, Samuel B. Light, who for several years, in her behalf, paid the taxes, and now and then filed an account, charging the disbursements so made to the estate. He failed to pay the taxes for 1895, and in September, 1896, the property was sold therefor, and, without the knowledge of the heirs, adjudicated to him. In 1898 the heirs applied to the court for the removal of the administratrix·on the ground that she was making no effort to settle the estate, and was conspiring with her husband to enable him to acquire its property. Upon the hearing of the application both Mr. and Mrs. Light testified that Mr. Light had entire charge of the real estate in Louisiana. He disclaimed any intention of acquiring title thereto, and a

projet of agreement was prepared, according to which he was to be reimbursed his expenditure, with interest, and the title was to be vested in the owners. He, however, refused to sign the agreement, and Mrs. Light was thereupon removed from the position of administratrix. The defendants attempt to show that they applied to plaintiffs to contribute to the payment of the taxes, and that the plaintiffs refused so to do; but G. M. D. Alexander and the attorney who represented him and his coplaintiff (the latter being a resident of Georgia) testify to the contrary, and it cannot be said that the attempt has been successful. Howbeit, the tax title thus acquired by the defendant S. B. Light is set up as a defense to the demand of the plaintiffs, and the prescription applicable to tax titles and titles acquired at public sales is pleaded for its protection. Further answering, and in the event of an adverse judgment on the question of title, the defendants pray for reimbursement of the money expended by them.

### Opinion.

In Hake v. Lee & Beall, 106 La. 482, 31 South. 54, this court held that a co-owner or tenant in common who purchases the property held in common at a sale for taxes acquires no greater interest than he held before, and merely has a claim against his co-owners for reimbursement according to their respective shares. The rule and the reason which underlies it are equally applicable where the property is adjudicated to the husband of one of the co-owners, and a fortiori is it applicable where, as in this case, the property belongs in part to an unsettled succession, of which the wife is the administratrix, but which is in reality administered by the husband, who, whilst acting as her agent, becomes the adjudicatee of the property. Freeman on Cotenancy, §§ 151, 160; Desty on Taxation, p. 936; Cooley on Taxation, 965, 966 (3d Ed.); Robinson v. Lewis (Miss.) 8 South. 258, 10 L. R. A. 101, and notes, 24 Am. St. Rep. 254. The defendants having acquired no title adverse to that of the plaintiffs by virtue of the tax adjudication, the prescription relied on by them has no application.

The court a qua, in rendering judgment for plaintiffs, decreed the nullity of the conveyance from them to their father; and the defendants make no complaint of that ruling, but they object to being relegated to another action for the partition of the property and the recovery of their disbursements. The plaintiffs alone prayed for the partition of the property, but, as they now ask that the judgment appealed from be affirmed, we do not feel authorized to order the partition at the suggestion of the defendants who do not pray for it in their pleadings; and, as the defendants' claim for reimbursements can best be adjudicated in the partition proceeding, we are of opinion that the judgment of the district court should be affirmed. It is accordingly so decreed.