(60 South. 236.)

No. 19,087.

## MILLER v. VIVIAN OIL CO.

(Dec. 16, 1912.)

*(Syllabus by the Court.)*

TENANCY IN COMMON (§ 19*) — MUTUAL RIGHTS AND LIABILITIES OF CO-OWNERS— ACQUISITION OF OUTSTANDING TITLE.

Where an owner, in indivision, has assumed, quoad certain of his co-owners and quoad the obligee, a debt bearing upon the common property, and has then allowed the property to be sold, under a writ of seizure and sale, for the debt so assumed, and has bought it in, without actual notice to other co-owners, the title thus acquired inures to the benefit of such other co-owners in proportion to their respective interests and subject to the payment by them to the purchaser of a like proportion of the amount paid by him in satisfaction of said writ.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 55–59; Dec. Dig. § 19.*]

Appeal from First Judicial District Court, Parish of Caddo; Edgar W. Sutherlin, Judge.

Action by Mrs. Mollie E. Miller, tutrix, against the Vivian Oil Company. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

John B. Files, of Shreveport, for appellant. Thigpen & Herold, of Shreveport, for appellee.

## Statement of the Case.

MONROE, J. This is a suit on behalf of six minor children of Charles W. Miller, deceased, for the recovery of six-fourteenths interest in 80 acres of land, inherited by them from their father. The petition alleges an attempt on the part of their mother and tutrix to sell said interest, under an order of court homologating the proceedings of a family meeting, and further alleges that said attempt failed to convey title for the reasons:

(1) That the proceeding was one purporting to sell said interest at private sale, otherwise than by a sale of the whole property, to effect a partition; (2) that H. E. Lehman, who acted as a member of the family meeting by which the sale was recommended, was the agent and representative of B. G. Dawes, to whom the sale purports to have been made, and had an interest, adverse to that of the minors, which disqualified him from participating in said family meeting; (3) that the action of the pretended family meeting was void, because the persons named by the court were not notified and did not participate therein; (4) that said Dawes is president, and said Lehman vice president, of the defendant company, and, having acted in behalf of said company in the attempt to acquire the property, thereafter conveyed, or attempted to convey, the same to said company. Defendant ignores the claim of title imputed to it by the petition, and alleges that it acquired the entire 80-acre tract, in question, "from Mrs. Mollie E. Miller and the heirs of Charles Miller, deceased, at sheriff's sale and under a writ of seizure and sale, issued in the suit of R. A. Chamblee v. Mrs. Mollie E. Miller and others, No. 12,943, First judicial district court, and it prays for judgment."

To the answer thus made, plaintiff excepted, on the grounds: (1) That defendant was under obligation, express and implied, to pay the notes and mortgage foreclosed upon, and cannot be permitted to profit by its own fault; (2) that, having led plaintiff to believe that it would pay said notes and mortgage, it is estopped to set up the sale thereunder.

According to the evidence in the record, Miller acquired the 80-acre tract, as community property, in December, 1905, from R. A. Chamblee, the agreed price being $640, represented by four notes, of $160 each, payable in 1, 2, 3, and 4 years, respectively, and secured by mortgage, etc., and thereafter he died, leaving a widow, in community, one married daughter, and the six minor children, plaintiffs herein. After his death, the widow and the married daughter (Mrs. Robert Wilkins), on August 26, 1908, executed an

instrument purporting to sell the whole of said tract to H. E. Lehman, for $400 cash, and the assumption of the four notes above mentioned, and on September 1st, following, Lehman executed an instrument purporting to convey said entire tract to B. G. Dawes, on the terms upon which he had made the purchase. On September 23d Mrs. Miller received letters, as tutrix of the minors, and on the same day filed a petition and obtained an order for a family meeting, and a family meeting was held which recommended the sale of the minors' interest in the property in question; and on September 26th there was a judgment of homologation and an order that said interest be sold, at private sale, for cash, in order to effect a partition, for the sum of $445.90, and Mrs. Miller, tutrix, on the same day, executed an instrument, purporting to make the sale to B. G. Dawes, in accordance with said order, though, as a matter of fact, she received no money whatever. In February, 1909, Dawes conveyed the entire tract to defendant, by an act which recites that he had acquired it for the use and benefit of defendant. On April 21st R. A. Chamblee presented a petition to the district court praying for a writ of seizure and sale on the four notes held by him, which petition alleged that Mrs. Miller had left the state, with the minors, and that her whereabouts were unknown, and prayed that a curator ad hoc be appointed to represent them, and the court appointed the curator, upon whom a notice of demand was served. The writ issued as prayed for, the sheriff advertised the property, and on July 17, 1909, adjudicated it, for a sum wherewith he satisfied the seizing creditor and paid the costs, leaving a balance of $4.60 in his hands. The record does not show to whom the adjudication was made, but it is admitted that it was made to defendant. Plaintiff's assertion that Lehman, as well as Dawes, acted for and represented defendant, is not proved, but seems, also, to be admitted.

## Opinion.

Defendant's counsel say, in their brief:

"Without conceding that the irregularities in the transfer by Mrs. Miller, as tutrix, * * * are such as to render the act a nullity, the defendant * * * relies on the sheriff's sale, in support of its title. * * *"

1. Plaintiffs' first contention is that, in the sale by Mrs. Miller and Mrs. Wilkins of August 26, 1908, defendant acquired the interests of those two ladies, and that it paid a certain cash consideration, and for the balance assumed and agreed to pay the Chamblee notes, but that it failed to pay them. "It defaulted," says the counsel in his brief, "and is now estopped from setting up its default and breach of contract." The payment of the notes was, however, assumed as part of the price of the entire property, including the six-fourteenths interest which plaintiffs are here claiming, and it is clear that, if defendant did not acquire that interest, it incurred no obligation to *plaintiffs* to pay for it, and was not in default, *to them*, in failing to do so. Whether, in view of the situation thus brought about, defendant was at liberty to allow the entire property to be sold for the debt in question, and to buy it, for its exclusive benefit, is another matter.

2. Plaintiffs' second proposition is that defendant, having acquired the interests of Mrs. Miller and Mrs. Wilkins in the property, became an owner, in indivision, with them (the minors), and that, the property being burdened with the debt and mortgage to Chamblee, its purchase by defendant, in the foreclosure proceeding, inured to their common benefit, subject to plaintiffs' obligation to contribute their proportion of the purchase price.

The proposition thus stated is sustained by the jurisprudence of the federal courts and of the courts of most, if not all, of our sister states. The subject is exhaustively reviewed in McPheeters v. Wright, 124 Ind.

560, 24 N. E. 734, 9 L. R. A. 176, in which it was held (quoting the syllabus):

"Title cannot be acquired by the owner of an undivided interest in land against his cotenants in common at a sale under an incumbrance created by a former owner through whom the parties claim title."

The opinion in the case contains the following reference to, and excerpt from, the opinion of Chancellor Kent, in what is regarded as the leading case in this country, to wit:

"In Van Horne v. Fonda, 5 Johns. Ch. (N. Y.) 409, Chancellor Kent said: 'I will not say, however, that one tenant in common may not, in any case, purchase in an outstanding title for his exclusive benefit. But, when two devisees are in possession under an imperfect title, derived from their common ancestor, there would seem, naturally and equitably, to arise an obligation between them, resulting from their joint claim and community of interest, that one of them should not affect the claim to the prejudice of the other. It is like an expense laid out upon a common subject by one of the owners, in which case all are entitled to the common benefit, on bearing a due portion of the expense. It is not consistent with good faith, nor with the duty which the connection of the parties, as claimants of a common subject, created, that one of them should be able, without the consent of the other, to buy in an outstanding title and appropriate the whole subject to himself and thus undermine and oust his companion. It would be repugnant to a sense of refined and accurate justice. It would be immoral, because it would be against the reciprocal obligation to do nothing to the prejudice of each other's equal claim, which the relationship of the parties as joint devisees created. Community of interest produces a community of duty; and there is no real difference, on the ground of policy and justice, whether one cotenant buys up an outstanding incumbrance or an adverse title to disseise and expel his cotenant. It cannot be tolerated when applied to a common subject in which the parties had equal concern and which created a mutual obligation to deal candidly and benevolently with each other and to cause no harm to their joint interest."

And, applying the principles thus enunciated to the case before it, the learned Supreme Court of Indiana said:

"The rule must be the same when applied to joint heirs as to joint devisees; and, as the appellee and the appellant had each purchased from the heirs, their position is the same as though this controversy was between heirs themselves."

In the A. & E. Encyclopedia of Law we find the following:

"In the United States, the general rule is well settled that one cotenant cannot purchase an outstanding title or incumbrance, affecting the common estate, for his own exclusive benefit, and assert such right against the other cotenant; but such purchase will inure to the benefit of all, the purchaser being entitled to contribution from the cotenants for their proportionate share of the purchase price. * * *

"The general rule applies to the purchase by one tenant of the property at a judicial sale, and such purchase will inure to the benefit of his cotenants. * * *

"Thus, the rule applies to a purchase of the common property by one of the cotenants at a tax sale, and the title thus acquired inures to the benefit of the other cotenants. This rule is sustained upon the general ground of the existence of a confidential relation between the cotenants, or, according to some courts, on the ground that, since the sale is occasioned by the default of the purchaser, as well as that of his cotenants, in failing to pay the taxes, it would be inequitable to permit him to take advantage of his own default to acquire the title of his cotenants." A. & E. Enc. of Law (2d Ed.) vol. 17, pp. 674–676.

See, also, Cyc. vol. 38, p. 40 et seq.; Turner v. Sawyer, 150 U. S. 588, 14 Sup. Ct. 192, 37 L. Ed. 1191; Bissell v. Foss, 114 U. S. 252, 5 Sup. Ct. 851, 29 L. Ed. 126. In this state, the question has been presented in connection with tax sales, and the rule stated has been sustained, or referred to with approval, in the following cases, viz.: Hake v. Lee & Beall, 106 La. 482, 31 South. 54; Bossier v. Herwig, 112 La. 539, 36 South. 557; Alexander v. Light, 112 La. 925, 36 South. 806; Harris v. Natalbany Lumber Co., 119 La. 978, 44 South. 806; Duson v. Roos, 123 La. 835, 49 South. 590, 131 Am. St. Rep. 375; Washington v. Filer, 127 La. 862, 54 South. 128.

Paraphrasing the language of Chancellor Kent, we do not say that one owner, in indivision, may not, *in any case*, purchase an outstanding title for his exclusive benefit. But where, as in this case, the one co-owner has assumed, quoad certain of the others, and quoad the obligee a debt bearing upon the common property, and has then allowed

the property to be sold by the sheriff, for the payment of the debt so assumed, and has bought it in, without actual notice to the other co-owners, we are of the opinion that the rule should be applied, even though the co-owner so purchasing from the sheriff, as between him and them, had not assumed the portion of the debt which bore upon the interest of such "other" co-owners; for (referring in direct terms to the parties to this suit), though the minors had no right to demand that defendant should pay the price of an interest that it had not acquired, nevertheless the defendant had bound itself to Mrs. Miller and Mrs. Wilkins, whose interest it had acquired, and in favor of Chamblee, the creditor, to pay the entire debt with which that interest, in common with the interest of the minors, was incumbered, and the condition was such as naturally to lead the minors to suppose that defendant would either call upon them to assist in paying it, or would itself pay it, and call on them for their proportion, at some other time, and in some other manner, or would at least give them actual notice of its intention to allow the property to be sold for the debt and to buy it in for itself.

Counsel for defendant say that the proposition which we have thus considered is not presented by the pleadings, but they admit that it was urged in the district court, and, as it arises out of the matter set up in defendant's answer, it was competent for plaintiff to urge it without pleading. Hen. Dig. vol. 2, p. 1155; Maillot v. Wesley, 11 La. Ann. 467; McMaster v. Stewart, 11 La. Ann. 546; State v. Reid, 118 La. 112, 42 South. 662.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled and set aside, and that there now be judgment in favor of plaintiff, Mrs. Mollie E. Miller, as tutrix of the minors, Earl, Andrew, Chilton, Cora, Flora, and Roy, Miller, decreeing said minors to be the owners, in indivision, with defendant and among themselves, of six-fourteenths interest, being one-fourteenth to each minor, in the land described in the petition, subject to the payment, by them to the defendant, within 60 days from the date upon which this judgment shall become final, of $383.74 (being six-fourteenths of $895.40, the amount paid by defendant in satisfaction of the writ issued in the case of R. A. Chamblee v. Mrs. Mollie E. Miller et al., No. 12,943 of the docket of the district court), with legal interest from March 29, 1911, until paid. It is further decreed that defendant pay all costs.