| MRS. LUCIE THERIOT BURCH, | : | NO. 8614, |
| --- | --- | --- |
| versus | : | COURT OF APPEAL |
| MRS. LEAH THERIOT, WIFE OF FELIX MELANCON, ET ALS. | : | PARISH OF ORLEANS |

8614

WILLIAM A. BELL, JUDGE:

January 2, 1923.

Court of Appeal

1/9/23

351

BY: WILLIAM A. BELL, JUDGE:

This is a suit brought by one child against four other children, seven grand-children and four great grand-children of Lucien and Evelina Theriot for partition by licitation of the following described property:

"A certain tract of land situated in the parish of St. James on the left bank of the Mississippi River, at about 67 miles above the City of New Orleans, measuring five-eighths of an arpent front on said river, by 40 arpents in depth; bounded above by the property of Noel Breaud and below by that of Miss Emelia Tureaud; together with all the buildings and improvements thereon and thereunto belonging."

The above property was acquired by Lucien Theriot on February 28, 1876, for $1200 cash, during the existence of the community between himself and his wife, Mrs. Evelina Theriot. The husband died in 1878, and his widow continued to occupy the property until her death, on December 13, 1897.

After the death of Lucien Theriot, the property was assessed in the name of his estate and while so assessed was sold on May 1st, 1897, by the State, to Leopold J. Peyret for $20.62, delinquent taxes for the year 1896. On January 3, 1898, within the year's period for redemption, the property was purchased from Peyret by appellant herein, who is one of the seven children and heirs of Lucien and Evelina Theriot and the only co-defendant responding to these proceedings. She admits that plaintiff, herself and all other co-defendants are the sole heirs of Lucien and Evelina Theriot. but denies that she owns the above described property in indivision with them, but, on the contrary, avers that she is the sole owner thereof by virtue of the above mentioned purchase from Peyret. However, not wholly relying upon this defense, she prays in her answer that in the event of her being decreed a co-owner with plaintiff and other heirs in the said property and forced to a partition thereof, that the right be reserved to her to claim against the proceeds of the partition sale such taxes and costs of improvements as have been expended by her on the property.

Nearly two months after answer but shortly before trial, appellant filed a special plea of estoppel as a bar to plaintiff's action for partition, on the ground that plaintiff had not exercised, within a reasonable time, such rights as may have formerly existed entitling her, as against defendant and other heirs and co-owners to the partition now sought; that by plaintiff's laches in permitting appellant to remain in open, notorious, peaceable and uninterrupted possession of the property ever since appellant's purchase from Peyret in January of 1898, she was estopped to assert ownership in, or to claim partition of said property.

All other defendants than appellant failed to defend this suit for partition and judgment was accordingly taken against them by default. Thereafter, the issues set up by appellant's answer and plea of estoppel were set for special hearing, at which time objection by counsel for plaintiff was made to the taking of any testimony in support of the plea or exception of estoppel for the reason that same was filed too late, and that said exception disclosed no legal grounds for estoppel. The trial court overruled these objections and referred the exception,-as we think, rightly,-to the merits of the case. After due trial there was judgment in favor of plaintiff directing a partition by licitation, reserving to all parties any rights or claims outstanding against the property.

As stated in appellant's brief, she relies mainly upon the maintenance by this court, of her plea of estoppel, overruled by the trial court. In fact the plea itself necessarily carries with it, admission of the indisputable record proof of co-ownership between all the parties litigant, or their ancestors, in the above described property, from the date of Evelina Theriot's death in December, 1897, until now. From this fact, it follows the action here brought cannot be defeated or prescribed, so long as the property remains in common, and such community is acknowledged or proven. (R.C.C. 1304).

The certified copy of Act of Sale by Leopold J. Peyret to appellant, dated January 3, 1898, and filed in evidence, does not show that appellant's purchase was one of redemption, but

the consideration for the sale, to wit: $50,00, the source of acquisition by the vendor, the date of this deed, with that of tax deed to Peyret, May 1,1897, and testimony of witnesses, all furnish conclusive facts that the purchase was one of redemption made within the statutory year allowed by the constitution of 1879.  Under this proof there is no need for extensive discussion of the well-established jurisprudenc# that, when a co-owner of property held in common, purchases same at tax-sale, or afterward redeems the property within a year from some third party, purchasing at tax-sale, the said co-owner is, in effect, but a tax-payer and acquires in either case no greater interest than he had before, except that of recovery from his co-owners of their share of the disbursement incurred by him.  Hake v. Lee et al. 106 La. 482; Bossier v. Herwig, 112 La.539. ### Gulf Refining Co. v. Jeems Bayou Club, 129 La. 1022, 36 South, 557; Alexander et al. v. Light et al., 112 La. 927, 36 South, 806; Duson et al. v. Roos et al. 123 La., 835, Pitts v. Kerley, 126 La. 221, 52 South. 281; Miller v. Vivian Oil Co., 131 La., 762; Williams v. Harrel, 132 La. 1; Murphy v. Murphy, 136 La. 17;  Cooper v. Edwards, 151 La. - (92 So. Rep. 721).

The law of the instant case as found in the foregoing authorities is fortified by the codal provision of Arts. 1320 and 1321, as follows:

"It is not necessary, to support the action of partition, that the coheirs, or the party commencing it, should be in actual possession of the succession or of the thing to be divided; for among coheirs and coproprietors, it is not the possession but the ownership, which is the basis of the action."

"It follows from the provisions of the preceding article that the partition can be demanded, even though one of the heirs should have enjoyed some part of the estate separately, if there has been no act of partition, nor possession sufficient to acquire prescription."

Notwithstanding the quoted authorities, and the above provisions of our code to the effect that among coheirs ownership and not possession is the basis for an action of partition, appellant urges, as her only available defense to this suit a plea of estoppel predicated upon her uninterrupted possession of the property from the date of her purchase from Peyret.

In support of this exception she relies upon the following expression of our Supreme Court found in the recent decision of Cooper v. Edwards (151 La. - 92 So. Rep. 722) as follows:

"Our opinion is that the plea of prescription of three years, under article 233 of the Constitution of 1898 and of the Constitution of 1913 (retained as section II of article 10 of the Constitution of 1921), was and is a sufficient defense to this suit. When property is sold to one of its joint owners for delinquent taxes, the transaction may be regarded, as far as the co-owners are concerned, as a payment of the taxes, not as a transfer of an indefeasible title. Hake v. Lee & Beall, 106 La. 482, 31 South. 54; Bossier v. Herwig, 112 La. 539, 36 South. 557; Each co-owner, even after the expiration of the year that is allowed for any previous owner to redeem a title that has been divested by a tax sale, may be reinvested with the title for his original interest in the property, by paying his share of the price of the adjudication and of all taxes paid subsequently by the co-owner holding the tax title. But that right is not founded upon statute law; it is a result of equitable considerations, and should be exercised within a reasonable time. A tenant in common, whose property has been sold to a cotenant for delinquent taxes, is not allowed indefinitely to await developments and speculate upon the value of the property, in comparison with the cost of redeeming it. Duson v. Roos, 123 La. 835, 49 South. 590."

We find nothing in the quotation above noted that in any manner alters our appreciation of the law applicable to the case now before us, for upon examination of the facts in the case of Cooper v. Edwards, the expression of the court as above quoted clearly distinguishes or stresses just what the law would have been if the facts in that case were similar to those now under consideration. The defendant, Edwards, was not a co-owner with the plaintiff, Cooper, who was seeking to recover the property bought by Edwards, a third party, from another Cooper heir who had purchased same at tax sale. Edwards, as such third party, and transferee (a Cooper heir, but not the plaintiff) had held the property for fourteen years, since the sale for delinquent taxes, and during that period he, or his transferee, had paid all accruing taxes on said property.

The court's decision was not for the reasons expressed in the above quoted part of the opinion, but for the reason

that the plea of prescription of three years, under the Constitution of 1898 and 1921, regarding tax titles was full and sufficient defense to the suit.

There is nothing in the present case to show that the equities relied on are wholly with appellant herein, but on the contrary, it appears while she has been in possession of the property in question for over twenty years by acquiescence and gratuity on the part of her co-owners, she has enjoyed such rents and revenues from the property as have served to hold her harmless from any of the burdens incident to her possession.

It should be further noted that the value of the property in the present case alleged in plaintiff's petition, and acknowledged in defendant's answer to be $1200.00, has not materially advanced during the whole period of appellant's possession.

It cannot therefore be claimed that other co-owners having allowed appellant to remain in possession that she could thereby have the slightest justification for believing that they had abandoned the legal right of co-ownership in the property, or that they had avoided burdens incident to possession, while awaiting their assertion of ownership conditioned upon enhanced values of the property.

Most diligent analysis has been given the other cases cited in appellant's brief, to wit: Duson v. Roos, 123 La. 835; Gulf Refining Co. v. Hart, 130 La., 51; Vestal v. Producers' Oil Co., et als., 135 La. 985.

In this case, as well as in the Couper case, the Supreme Court has upheld with reiterated force the just and equitable doctrine that a purchase at tax sale by one co-owner of property held in common, is but a purchase for account of all co-owners in proportion to their several interests. Declaring this doctrine to be founded upon equity - not codal or substantive law - the court in these cited cases has done nought else than to further pronounce against the enforcement of this equitable relief where co-owners have failed to assert their rights within reasonable delays, against their purchasing co-owner. We find without exception that in the cited cases, even in the case of

356

Duson v. Roos, that the period to redeem or contest tax titles had long since expired, and that rights of third parties as distinguished from rights of co-owners had intervened. The fact that the Duson case was remanded in order that it may be better determined whether one co-owner or his heirs had been guilty of laches, which precluded their equitable claims, particularly implies that no laches being proven, the equitable doctrine frequently enforced by the courts, in Hake v. Lee, Bossier v. Herwig, would have been upheld. Just what is a reasonable time in which equitable rights and remedies may be invoked is a question which must be answered only in the light of the particular equities surrounding the particular case to which they are applied.

In the Duson case, fifteen years had elapsed since the tax sale to the purchasing co-owners, while in the case of Gulf Refining Co. v. Jeems Bayou Club (a later decision) the interval following the tax sale was, like that in the instant case, over twenty years. The facts in the Jeems case, a case affirmed by several later decisions already above noted, apply to the instant case with such similarity that we find no necessity for pursuing further authority in support of relief herein prayed for by plaintiff and appellee.

We find no error in the judgment of the trial court, and are of the opinion that it should be affirmed in every respect.

It is therefore ordered, adjudged and decreed that the judgment herein appealed from be, and the same hereby is, affirmed - costs of this appeal to be borne by appellant.

JUDGMENT AFFIRMED.

January 2, 1923.