YARRUT, Judge
(dissenting in part).
While I concur in most of the conclusions of the majority, I must dissent from that part which holds that the husband should not reimburse his wife for half of the mortgage debt paid by her to the building and loan association following her purchase of the property at the public sale instituted by the federal government to collect federal income taxes.
The contention of the husband' that his divorced wife did not acquire the home as her separate property is not tenable. He cites Miller v. Vivian Oil Co., 131 La. 761, 60 So. 236, for the proposition that, when a co-owner buys property at a foreclosure sale, the purchase inures to the benefit of the co-owners. However, in the cited case, the co-owners had no notice of the foreclosure sale whereas, in the instant case, the husband was present in person at the sale and had an opportunity to bid on his own behalf as any co-owner at a public partition sale.
In the cited case the court held that, where an owner in indivisión has assumed, quoad certain of his co-owners and quoad the obligee, a debt bearing upon the common property, and later allowed the property to be sold under a writ of seizure and sale for the debt so assumed, and is the adjudicatee at such sale, without actual notice to his co-owners, the title thus acquired inures to the benefit of such co-owners in proportion to their respective interests, and subject to the payment by them to the purchaser of a like proportion of the amount paid by the purchaser in satisfaction of said writ.
It is significant that the husband never tendered his half of the purchase price to reimburse his divorced wife for the half interest in the property he now claims.
LSA-C.C. art. 2161 provides, inter alia:
“Subrogation takes place of right: * * (3) [f]or the benefit of him who, being bound with others, or for others for the payment of the debt, had an interest in discharging it.”
As the mortgage debt was a community one, the husband was equally bound for its payment. LSA-C.C. arts. 2403 and 2409.
The case of Hilgenfeld v. Hilgenfeld, La. App., 180 So.2d 236, held (1) that when one *910 member of the community pays a mortgage debt of the community, that member is thereby subrogated to the rights of the mortgage holder, and (2) that the payment of the balance due on the mortgage note by the divorced wife, who was solidarily liable with her divorced husband did not cause the debt to be extinguished by confusion; but the husband had to reimburse the wife for his half.
When a divorced wife acquires coirimu-nity property at public auction (to satisfy a federal income tax lien), subject to (but does not assume) an unpaid vendor’s lien and mortgage, a community debt she, as any other purchaser, becomes subrogated to the mortgagee’s right against the mortgagor (her divorced husband), for the payment of the mortgage. Since she, as partner in the community, is liable for only one-half the community debts, she can recover from her divorced husband the half of the mortgage debt she paid for his account.
The case of Pons v. Yazoo & M.V.R. Co. et al., 122 La. 156, 47 So. 449, is in point here, notwithstanding it involved a dation made by the husband to his wife in settlement of her paraphernal claim. The wife accepted title subject to (but did not assume payment of) the mortgage against the transferred property. The court held it was his legal duty to pay half the mortgage as the wife took title “subject to,” but did not assume payment of the mortgage.
Therefore, the wife here should be reimbursed by the husband for his half of the community mortgage. The trial judge allowed the wife only $15,137.36. The trial judge evidently considered the last payment of the principal ($28,210.35) was paid from a community asset, the property itself. However, such a conclusion would be incorrect, as the property was no longer a community asset, having been acquired at .public foreclosure by the wife, after a judgment of divorce.
Neither did the district judge allow the wife the taxes and interest which she paid on the property. Because the amount of alimony the husband was required to pay was predicated upon the assumption that the wife would continue to occupy the home in question, these items should have been included. Therefore the judgment of the district court should be amended to allow the wife $30,333.83, half of the entire amount which she paid the Homestead Association.
Therefore the decree of the majority should be amended to allow the wife recovery for the amount stated above. Accordingly, I respectfully dissent from the majority view to the extent stated above; otherwise, I concur.
YARRUT, J., is of the opinion that a rehearing should be granted.