BARNETTE, Judge.
The plaintiff, Malabar Corporation, claiming the ownership of a certain described lot in the City of New Orleans, ob *146 tained a judgment against the defendant, Warren Realty Company, Inc., cancelling and annulling an affidavit of ownership which defendant had caused to be made, filed and recorded in the conveyance records of Orleans Parish, adversely claiming ownership of the lot in question. The judgment also enjoins and prohibits defendant from asserting any right, title or interest in the described lot. From this judgment defendant has appealed suspensively.
Plaintiff claims the ownership of the vacant lot in question by virtue of a patent issued by the Register of the State Land Office, July 20, 1964, following an adjudication to plaintiff of the lot by the Civil Sheriff for the Parish of Orleans on June 26, 1964, all pursuant to the provisions of LSA-R.S. 47:2189. (Act 11 of 1964 amending LSA-R.S. 47:2189 did not become effective until after this adjudication.) It is agreed that neither plaintiff nor defendant is or has been in possession of the lot.
According to pleadings in suit No. 432-720 on the docket of the Civil District Court entitled “Malabar Corporation v. Philip Anthony Luizza et als,” which record is filed in evidence in this proceeding, the lot in question was acquired by Marie Guilhemat by purchase in 1896. She died in 1910 and after succession proceedings of Marie Guil-hemat and Bertha Guilhemat in 1927, seven persons were recognized as the owners of the lot and were placed in possession in the proportions of an undivided one-seventh each. The lot was adjudicated to the State in 1935 for unpaid taxes for the year 1933 assessed in the name of Marie Guilhemat.
Prior to June 26, 1964, the plaintiff purchased the undivided one-seventh interest of one of the co-owners. Two additional one-sevenths were subsequently acquired by deed or quitclaim from two other alleged prior co-owners.
Pursuant to the provisions of LSA-R.S. 47:2189 the lot was advertised for sale at public auction on June 26, 1964. The plaintiff and defendant were competitive bidders and after bids had been made but before adjudication, the sheriff called off the auction upon payment by plaintiff of the taxes due plus 20 percent and all interest and costs; and the adjudication was made to plaintiff, all under the authority of LSA-R.S. 47:2189, the pertinent part of which is as follows:
“If at any moment before the actual adjudication takes place the tax debtor, his heir, administrator, executor, assign or successor, shall pay to the sheriff all taxes and interest due upon the property to the state, the parish and municipality in which it is situated, as well as all such taxes as may be due thereon to any levee, drainage, road or school district and other public instrumentality, as well as twenty per centum (20%) thereof added thereto and all interest and costs, then the adjudication shall be made by said sheriff to the tax debtor, his heir, administrator, executor, assign or successor, as the case may be, by preference over all other bidders even though they have bid larger sums.

“The sheriff making the sale shall deliver to the purchaser who has complied with his bid by paying the price of the adjudication to him a procés verbal of the sale and, upon the surrender thereof to the Register of the State Land Office, the purchaser shall be entitled to a patent signed by the Register of the State Land Office and by the governor.”
The defendant bid the sum of $1,300 for the lot, which was the highest bid made and in excess of the amount actually paid by plaintiff under the provisions of the statute. From this fact the defendant contends the lot should have been adjudicated to it, and on this premise it filed an affidavit claiming ownership. The affidavit recorded in the conveyance records, July 2, 1964, in Conveyance Office Book 661, Folio 214, purports to be a declaration of ownership made and signed by Warren A. Doll, as vice president acting for and on behalf of Warren Realty Company, Inc.
*147 As stated above, prior to June 26, 1964, Malabar Corporation acquired from one of the co-owners an undivided one-seventh interest in the subject lot, and it was this interest which it claimed as an assign of one of the co-tax-debtors. On August 18 and 25, 1964, respectively, it acquired from two other alleged co-owners their respective undivided one-seventh interests. On February 19, 1965, Malabar brought suit against the remaining alleged co-owners under the provisions of LSA-R.S. 47:2228.1 to quiet its title acquired by the adjudication of June 26, 1964, and the subsequent patent issued by the Register of the State Land Office, pursuant to LSA-R.S. 47:2189. Judgment was rendered as prayed, and was signed and filed March 24, 1965. No appeal was taken and that judgment is now final. The entire record in that proceeding, No. 432-720 on the docket of the Civil District Court for the Parish of Orleans, entitled “Malabar Corporation v. Philip Anthony Liuzza et als,” was filed in evidence in the instant case and is a part of the record before us on this appeal.
On September 9, 1965, plaintiff filed this suit which it labeled “Petitory Action” claiming ownership of the lot and praying for a decree recognizing its sole ownership and cancelling and annulling the affidavit in Conveyance Office Book 661, Folio 214, and enjoining defendant from asserting claims of right, title or interest in the subject property. Plaintiff also prayed for certain alleged damages but this demand was abandoned during trial and is not an issue in the case.
The judgment orders the cancellation and annulment of the affidavit of ownership and enjoins the defendant from further asserting claims of right, title or interest in the lot which it described with particularity. The judgment does not decree nor does it contain any reference to the prayer for recognition of plaintiff’s sole ownership of the lot. The plaintiff did not appeal nor did it answer the appeal in this court, therefore, the only question before us for consideration is the correctness of the judgment only insofar as it orders the cancellation of the affidavit of ownership and enjoins defendant from asserting adverse claims.
The defendant attempts to make an issue of the fact that at the time of the adjudication on June 26, 1964, plaintiff falsely represented to the sheriff that it was the owner, by assignment, of two-sevenths undivided interest, instead of a one-seventh. This is entirely without merit. The amount of Malabar’s undivided interest was immaterial to its right to avail itself of the provisions of LSA-R.S. 47:2189.
The defendant disclaims the role of “champion” of the rights of Malabar’s alleged co-owners or co-tax-debtors, but insists that they be made parties to the present proceeding, contending that Malabar did not acquire the property by the adjudication of June 26, 1964, to their exclusion, but for their mutual benefit, and that the judgment in the confirmation of title suit did not divest them of their interests. The exception of nonjoinder of necessary parties and the exception of no cause or right of action were referred to the merits and expressly overruled before entry of the judgment appealed from. This action by the trial court was entirely proper.
Whatever complaints, if any, plaintiff’s alleged or former co-owners might wish to make, and any rights, if any, which they may claim adversely to Malabar Corporation on account of the manner in which Malabar acquired its alleged ownership of the lot in question, cannot be raised by this defendant either for affirmative action or as a defense to this suit.
Defendant contends that it was not the intention of the Legislature that LSA-R.S. 47:2189 give to a co-tax-debtor or his assign the right to acquire property as a “purchaser” or that the patent issue to him as “the purchaser,” in the full meaning of the word, notwithstanding the language of the statute the pertinent part of which is quoted above. It points to the fact that the Legislature which was in session on the date of the ad *148 judication in question passed a bill amending LSA-R.S. 47:2189, which became Act 11 of 1964. This amendment does delete the word “purchaser” from the Revised Statute and merely provides that the adjudication be to “the tax debtor * * * assign or successor as the case may be” and that the patent issued pursuant thereto be “issued in his name.” (Emphasis added.) From this amendment it is argued that the Legislature’s intent was to make the statute conform to jurisprudence. Defendant does, however, concede that the amendment effected by Act 11 of 1964 did not become law until after the adjudication of June 26, 1964. It is not necessary to a decision in this case to inquire into the legislative intent in the enactment of Act 11 of 1964.
Defendant relies strongly in its brief on Keller v. Haas, 209 La. 343, 24 So. 2d 610 (1945), and Succession of Caldwell, 147 So.2d 448 (La.App.2d Cir.1962). Those cases reaffirm the jurisprudence of the state that property sold for taxes and purchased or redeemed by one co-owner or coheir inures to the benefit of all the co-owners or coheirs and any co-owner or coheir may within a reasonable time be reinvested with his portion by paying the purchasing co-owner his proportionate share of the costs and subsequent taxes. Gulf Refining Company of Louisiana v. Jeems Bayou Hunting & Fishing Club, 129 La. 1021, 57 So. 322 (1912), also cited by defendant, holds as defendant asserts, that the title acquired by the co-owner purchaser at a tax sale inures to the benefit of all the co-owners and that the purchaser acquires no greater interest than he had before.
We are in full accord with the principles of law reiterated in those cases but fail to see wherein they can be of any comfort to the defendant in this case. As far as this defendant is concerned it is immaterial whether Malabar Corporation acquired through the adjudication and subsequent patent a full title as a “purchaser” or only the interest of a redeeming co-owner tax debtor.
The defendant does not deny that Malabar Corporation was a co-owner of the lot by reason of the assignment to it of an undivided one-seventh interest by one of the co-owner tax debtors. Therefore clearly under the then provisions of LSA-R.S. 47:2189 it had a right at any moment before the actual adjudication to pay the taxes plus 20 percent and all interest and costs and have the adjudication made to it. The co-owner having elected to do so, under the provisions of that statute the sheriff could not then have sold the property to defendant regardless of the amount of defendant’s bid.
It is unnecessary for us to consider the effect of Malabar’s suit to quiet its tax title, nor to consider whether the plaintiff should be decreed the sole owner of the lot in question, first for the reason that the judgment which rejected that part of plaintiff’s demand by its silence was not appealed, and secondly that such decision is not necessary for a decision of the only issue before us.
Clearly the defendant Warren Realty Company, Inc., acquired no right nor cause of action by which it could have asserted any claim of ownership of the lot in question by reason of the adjudication of June 26, 1964, or by reason of the failure of the sheriff to adjudicate the lot to it. Had it attempted by suit to assert the rights claimed, such would therefore have been dismissed. For the same reasons its affidavit and declaration of ownership filed and recorded in Conveyance Office Book 661, Folio 214 is entirely without right or cause. It constitutes an unwarranted cloud on plaintiff’s title, whether its ownership is sole and exclusive or only that of a co-owner’s undivided interest.
For these reasons the judgment appealed from is affirmed at defendant-appellant’s cost.
Affirmed.