PROYOSTX, J.
The land in controversy is timber land. It has never been in anybody’s possession, and until 1904 no title to it had been recorded in the parish of Livingston, where it is situated.
Plaintiff holds the title of Thomas Green Davidson, the patentee, while defendant claims under a tax sale made in 1904 upon an assessment to “unknown owner.”
The purchaser at this tax sale was Thomas H. Jones. He had the year before, 1903, bought, jointly with Robert J. Robertson, the rights of Adeline Cotton, erroneously supposing her to have inherited a one-third interest in the property from her mother, Martha Curtiss. Laboring under the same erroneous impression as to the heirship of the children of Martha Curtiss, John F. Lanier on May 29, 1905, one year after the tax sale to Jones, boufeht the rights of Elisha and J. M. Cotten, and brought suit against Jones to set aside the tax sale. The grounds were that Jones could not have acquired at tax sale the interest of his co-owners in the property, and that any purchase made by him at the tax sale had inured to the benefit of his co-owners, and had amounted to nothing more than a payment of the tax for satisfying which the sale was made; that the tax officers and Jones well knew, at the time said property was thus assessed and sold as belonging to “unknown owners,” that it belonged to the heirs of Martha Curtiss and well knew who and where said heirs were; and lastly, that no notice of said sale was given to said heirs.
That suit was filed in July, 1905. Jones answered by a general denial, and by a special denial that Martha Curtiss was ever owner of the property; and by an averment that, if ever owner of it, she had transferred it to some party unknown.
On April 12, 1907, Lanier and Jones while the suit was still pending joined with Robert J. Robertson in the sale of the property to *81 one Stephens; and the suit was by consent dismissed.
Six days before this sale from Lanier, Jones, and Robertson to Stephens, namely, on April 5, 1907, the plaintiff Schultz had acquired the rights of the patentee by purchase from the vendees of the patentee and their heirs.
The defendant Ryan acquired from Stephens. The present suit is under Act 38 of 1908 to test the title to the land. The case is before this court on writ of review to the Court of Appeal, whose judgment was in favor of defendant.
Defendant concedes ' that the purchasers from the heirs of Martha Curtiss acquired no interest in the property, as 'these supposed heirs were not such in reality, and relies solely upon the tax sale. And against any attack upon the tax sale he pleads the constitutional prescription of three years.
[1] The plaintiff contends that Lanier, Robertson, and Jones transferred to Stephens only such rights as they had acquired from the supposed heirs of Martha Curtiss; that they did not transfer to Stephens the title acquired by Jones at the tax sale, and that consequently defendant cannot rely upon this tax title.
The deed of Stephens is the joint deed of Jones, Lanier, and Robertson, with full warranty of title. Such being the case, Jones was the warrantor of the entire title.
“On admet généralement que l’obligation de garantie résultant de la vente d’un immeuble est indivisible lorsqu’elle est opposée par voie d’exeeption eontre la demande formée par Tun des héritiers du vendeur en revendication sur l’immeuble vendu. Cass. 19 Févr. 1811, Sajean (S. et P. chr.); 14 Janv. 1840, Péehambert (S. 40. 1. 569). Sic, Delvincourt, t. 3, p. 144; Duvergier, t. 1, n. 355; Marcadé, sur l’art. 1629, n. 8; Aubry et Rau (4th Ed.) t. 4, § 355, p. 372; Colmet de Santerre, t. 7, n. 61 bis-VIÍ; Laurent, t. 24, n. 215; Baudry-Laeantinerie et L. Saignat, n. 367.”
In the case of Desbordes v. Desbordes, Journal Du Palais, vol. 24, p. 419 (8 Dec. 1831), the court of Bordeaux, France, applied the same principle to such a case as the one at bar, where several persons had joined in an act of sale, and one of them had subsequently acquired an outstanding title. He was held to be a warrantor for the entire title. See, also, Cornilleau v. Aubert, 23 Journal Du Palais, pp. 750-751 (Aug. 11, 1830), where the court of cassation enforced the same principle.
As warrantor of the entire title, Jones could never have been admitted to contest the title of his vendee; so that the legal situation stood just as if he had transferred the tax title.
And, even if the act had recited that each party limited his warranty to his own interest, the legal situation would still have been the same on the plainest principles of estoppel. There is nothing contrary to this in the cases of Gulf Refining Co. v. Jeems Bayou Hunting and Fishing Club, 129 La. 1021, 57 South. 322, and Gulf Refining Co. v. Tycus Hart (No. 18,689) 57 South. 581,[1] of the docket of this court. These cases were decided upon their particular facts.
[2] It might be well to add that the reason why the obligation of a joint vendor is held to extend to the entire title is that this obligation is from its very nature indivisible; but that this reason no longer applies when it comes to reimbursing the price, for then the obligation, being a mere money obligation, is necessarily divisible. Suthon v. Laws, 127 La. 531, 53 South. 852.
[3] Plaintiff recognizes the conelusiveness of this estoppel, but seeks to turn it to his advantage by contending that the estoppel had the effect of doing away with the tax sale; obliterating it entirely; placing matters in the same situation as if it had never taken place; that Jones had necessarly re *83 nounced Ms tax title. TMs contention loses sight of the principle that:
“Estoppel by deed is operative only between parties to the deed and to their privies; that strangers to the deed are not bound by, and cannot invoke, the estoppel.” 16 Oyc. 710.
The defendant, being a privy to the deed, may invoke this estoppel; but the plaintiff, being a stranger to the deed, may not. So far as the plaintiff is concerned, the said estoppel does not exist. It is a matter entirely between Jones and defendant, with which plaintiff has absolutely no concern.
[4] Another contention of plaintiff is that, the Lanier suit having been discontinued as an effect of this abandonment of all right under the tax sale to Jones, the legal situation is as if a judgment nullifying the tax sale had been rendered in said suit.
We find no force in this contention. As the- Court of Appeal saw the matter, and as we see it, Lanier, Robertson, and Jones intended to convey to Stephens by this sale whatever title they had; and it can make no difference in the legal situation if, having two titles, one of which they supposed to be bad and one good, they conveyed the bad title instead of the good.
[5] Finally, plaintiff contends that defendant is estopped from invoking the constitutional prescription of three years, curing defects in tax titles, because Jones, by joining in said sale to Stephens, gave good reason to all parties concerned, including the heirs of Davidson and plaintiff, to believe that he had renounced the said tax sale and had consented that it should be considered as nil, and thereby had deterred the said heirs of Davidson and plaintiff from instituting suit to annul said tax sale until after the prescriptive period had elapsed; in other words, had misled them, to their prejudice.
This contention is altogether fanciful. If plaintiff and the heirs of Davidson put a wrong construction upon the legal situation, they have -but themselves to blame. Jones was not their legal adviser.
Besides, the sale to Stephens took place one month and fourteen days before the expiration of the three years prescriptive period (the date of the tax sale was May 25, 1904, and that of the sale to Stephens April 11, 1907). The heirs of Davidson and plaintiff had two years, two months, and sixteen days in which to file their suit to annul the tax sale, and did not do so.
The judgment of the Court of Appeal is affirmed, at the cost of the relator.

 130 La. 51.