(114 So. 834)

No. 28452.

**BROUSSARD et al. v. SUCCESSION OF BROUSSARD.**

Oct. 31, 1927. Rehearing Denied Nov. 28, 1927.

*(Syllabus by Editorial Staff.)*

1. **Reformation of instruments ⬅13(1)—Error in description of land in deed can be corrected as between parties, if third person's rights are not thereby prejudiced.**

Error in description of land in deed can always be corrected as between parties, if no third person has acquired any right which would be prejudiced, and such correction can be made, either amicably by agreement or by action to reform deed.

2. **Reformation of instruments ⬅28—Where two of three owners of land convey interest in deed erroneously covering smaller tract owned by one only, he is entitled to reformation as against third owner of larger tract.**

Where three persons owned certain land, and deed conveying interest of two erroneously included smaller tract owned by one of grantors only, such grantor is entitled to correction

of deed as against third owner of larger tract, after partition suit between latter and grantee.

3. **Judgment ⬅707—One not party nor privy to judgment is not bound thereby.**

Person who is not party nor privy to judgment is not bound thereby.

4. **Estoppel ⬅25—Stranger to deed cannot invoke estoppel resulting therefrom.**

One who is stranger to deed is not bound by it, and cannot invoke estoppel resulting therefrom.

Appeal from Fourteenth Judicial District Court, Parish of Jefferson Davis; Jerry Cline, Judge.

Suit by Theodore Broussard and others against the Succession of Edgar Broussard. Judgment for plaintiffs, and defendant appeals. Affirmed.

John B. Fournet, of Jennings, and W. J. Carmouche, of Crowley, for appellant.

J. H. Heinen and Modisette & Adams, all of Jennings, for appellees.

THOMPSON, J. One of the plaintiffs, Theodore Broussard, claims to be the owner of 15.65 acres of land fully described in the petition, and brings this suit to correct an error and mistake by which said land was included in a deed made by Alfred Broussard and himself to Edward P. Fox on March 20, 1925, of their interest in a larger body of land, said to contain 866 acres, more or less.

The purchaser, Fox, joins in the petition, disclaiming any interest in said 15.65 acres, and alleging that he had no intention of purchasing, and that Theodore Broussard had no intention of selling, the said smaller tract.

The Calcasieu National Bank, which held a mortgage on the 15.65-acre tract and other lands of Theodore Broussard, also joined in the petition, and prayed that the error in the deed be corrected.

The defendant in answer denied the ownership of Theodore Broussard, denied that the land was erroneously included in the sale to Fox, and pleaded estoppel against all

of the plaintiffs, based on the deed from Theodore and Alfred Broussard to Fox.

The tract of land involved was included in a suit brought by Fox against the defendant succession for a partition of the land owned in indivision by Fox and the succession of Edgar Broussard, and which proceeding culminated in a final judgment of this court recognizing the said Fox and defendant succession to be the owners of the whole land in the proportion as therein stated, and ordering a sale to effect a partition. Fox v. Succession of Edgar Broussard, 161 La. 950, 109 So. 773.

This judgment is also pleaded as an estoppel against all of the plaintiffs.

There was judgment in the court below in favor of plaintiffs, and the defendant appeals.

It appears that one M. C. Burns at one time owned the land here involved, and which formed a part of a larger body of land comprising 800 and odd acres. A gravel road was constructed diagonally across the northern part of lots 11, 12, 13, and 14 of section 22, T. 11, R. 3 W., separating the 15.65 acres from the balance of the said four lots.

On November 15, 1918, Burns entered into an agreement to sell the said 15.65 acres north of said public road to Theodore Broussard, and this agreement was carried out by the execution of a formal deed on January 30, 1922.

On September 22, 1919, Burns sold to Fuller P. Gibbs and Duffie E. Gibbs a tract of land said to contain 866 acres, including all of lots 11, 12, 13, and 14 south of the public road. In the sale the part of said lots (the 15.65 acres) lying north of the gravel road was specifically excepted.

On January 3, 1920, the two Gibbses sold the land which they had acquired from Burns to Theodore, Alfred, and Edgar Broussard.

It was stated in this deed that the land conveyed was situated south of the public road, and being the same land acquired by the vendors from Burns.

On March 20, 1925, Theodore Broussard and Alfred Broussard sold to Edward P. Fox all of their interest in the land acquired by them and Edgar Broussard from F. P. Gibbs et al.

After describing the land thus acquired by the three Broussards in indivision, the deed recites:

"And in addition to the above-mentioned land, and immediately north thereof and adjoined thereto in said section 22, fifteen and 65/100 acres, more or less, purchased by Theodore Broussard under contract from Clyde Burns."

On March 16, 1926, Theodore Broussard executed a mortgage in favor of the Calcasieu National Bank on a tract of land owned by himself, said to contain 300 acres more or less. This mortgage did not include the 15.65 acres, and on November 4th of the same year the said Theodore Broussard executed an instrument including in said mortgage the 15.65-acre tract, declaring that said tract was omitted from the original mortgage through error.

Thereafter, on November 8, 1926, Edward P. Fox executed a quitclaim deed to Theodore Broussard, disclaiming any interest in the 15.65 acres, and declaring that it was erroneously included in the deed to him from Theodore and Alfred Broussard.

It will be seen from the foregoing recital that neither Alfred Broussard nor Edgar Broussard ever owned any interest whatever in the tract of land now claimed by Theodore Broussard. The said tract was conveyed to Theodore Broussard by Burns, the undoubted owner, and was never thereafter sold by the said Theodore Broussard, except to Fox, and which was an error, as acknowledged by both Broussard and Fox.

This particular tract was excepted from the deed by Burns to Gibbs, and was not conveyed by Gibbs to the three Broussards,

for the reason that the Gibbses had no title thereto.

The trial judge, in his reasons for judgment, states that there is no room for doubt under the evidence that the 15.65-acre tract was erroneously included in the deed from Theodore and Alfred Broussard to Edward P. Fox, and which error was carried into the proceedings for judicial partition. In this statement of the trial judge we fully concur.

The error appears to have been committed by the attorney who prepared the Fox deed, and who seems to have gotten the description from an old abstract of title.

As soon as the error was discovered, a correction deed was executed by Fox in favor of Theodore Broussard, acknowledging the error, and reconveying the land to the said Theodore Broussard.

[1] It is well settled in the jurisprudence of this state that an error in the description of land in a deed can always be corrected, as between the parties, so long as no third person has acquired any right which would be prejudiced by such correction.

The correction can be made, either amicably by agreement or by an action to reform the deed, so as to make it conform to the intention of the parties.

We do not understand that this proposition is disputed by appellants.

[2] In this case no third party has acquired any interest in the land in question which would be prejudiced by the correction sought.

The defendant succession certainly acquired no interest in the land by reason of its inclusion in the sale from Theodore and Alfred Broussard to Fox, nor has the said succession acquired any interest in said land as the result of the decree in the partition suit. Theodore Broussard was no party to that decree, and could not be bound by the judgment, nor by the allegations made in the petition for a partition.

There is no evidence whatever in the record to support the intimation that the 15-acre tract was erroneously or inadvertently omitted from the deed made by the two Gibbses to the three Broussards. On the contrary, the land was specially excepted from the deed made by Burns to Gibbs, and the latter's deed to the Broussards refers to the property as being the same acquired by Gibbs from Burns. Moreover, Burns complied with the prior agreement to sell by making a deed to Theodore Broussard after the sale made by the Gibbses to the three Broussards.

The able counsel for the succession of Edgar Broussard practically concede that Edgar Broussard never acquired any interest in the small tract of land, and that since his death his succession has not acquired any interest, except through and by virtue of the judgment in partition and the effect of the pleaded estoppel.

[3] It goes without saying that a person who is not a party or privy to a judgment is not bound by such judgment, whether it be a partition judgment or any other kind.

We have seen that Theodore Broussard was not a party to the partition proceedings, nor privy thereto, and hence his ownership of the 15 acres of land erroneously included in said partition proceedings cannot be affected.

[4] Nor do we think the defendant's plea of estoppel, based on the deed from Theodore and Alfred Broussard to Fox, well founded. The succession of Edgar Broussard was not a party to that deed. It had no interest whatever in the transaction between the parties to that deed, and occupied no other relation than that of a rank stranger.

It is a well-settled principle of law and jurisprudence that strangers to a deed are not bound by it, and cannot invoke estoppel resulting therefrom.

In 21 Corpus Juris, p. 1103, it is stated that:

"Estoppel by deed is operative only between parties to the deed and their privies; strangers to the deed are not bound by, nor can they invoke, the estoppel."

In the case of Schultz v. Ryan, 131 La. 78, 59 So. 21, it was said:

"The defendant, being a privy to the deed, may invoke this estoppel; but the plaintiff, being a stranger to the deed, may not. So far as the plaintiff is concerned, the said estoppel does not exist. It is a matter entirely between Jones and defendant, with which plaintiff has absolutely no concern."

That is true here. So far as defendant is concerned, estoppel does not exist; it is a matter entirely between Theodore Broussard and Fox, the contracting parties.

And again in the case of Farley v. Frost-Johnson Lumber Co., 133 La. 498, 63 So. 122, L. R. A. 1915A, 200, Ann. Cas. 1915C, 717, considering an estoppel by deed, the court, after quoting 16 Cyc. 710, held that neither coheirs nor co-owners were parties or privies to each other's contracts, even if the subject of the contract be the common property.

Again in Saunders v. Busch-Everett Co., 138 La. 1054, 71 So. 153, 154, the court said:

"Moreover, nothing is more fundamental in the law of estoppel than that strangers to a deed cannot avail themselves of an estoppel arising from it."

It is shown that the plaintiff, Broussard, before the error in the description was discovered, had borrowed money from the bank and had drilled a well on this particular 15-acre tract at an expense of several thousand dollars.

He surely would not have done this, if he had known at the time that the land had been included in his sale to Fox.

The judge below thought that it would be highly unjust to permit the error to persist longer, to the extent of depriving a man of property without any compensation whatever.

We are of the same opinion.

Judgment affirmed.