On the Merits.
 

 ROGERS, J.
 

 Plaintiff is the widow and universal legatee of Joseph K. Herold, who died in the city of Shreveport on July 9,1921. She brought this suit on January 15, 1926, to annul on the ground of fraud a judgment obtained by the defendant Rebecca Paysingle against Joseph K. Herold on November 21, 1917, avoiding a certain sheriff’s deed executed in the suit of Joseph K. Herold against J. Rogers Jefferson. The court below rejected plaintiff’s demand, and she has appealed.
 

 J. Rogers Jefferson, who owned the W.
 
 y2
 
 of S. W. y of section 26, township 21 north, range 15 west, Caddo parish, sold to Rebecca Paysingle on March 28, 1907, the E. % of S. W. % of S. W.
 
 y±
 
 of said section. Thereafter, Rebecca Paysingle transferred and reacquired the property to and from various persons, including her original vendor, J. Rogers Jefferson.
 

 On June 29, 1908, J. Rogers Jefferson executed a deed of sale to Rebecca Paysingle of certain property for a recited consideration of $1,850, $350 cash and the balance represented by notes. This was apparently a sham sale entered into for the purpose of securing claims of various creditors' -of Jefferson, whose wife had refused to join in a waiver of the homestead rights. Litigation ensued over the transaction, the event of- which is not clearly shown by the record. Subsequently, however, Rebecca Paysingle appears to have' retroceded to Jefferson the property which he had placed in her name by the deed of June 29, 1908. This retrocession, which was executed on October 12, 1910, "erroneously included the 20 acres of land that Rebecca Paysingle had purchased from J. Rogers-Jefferson on March 28, 1907. This - error, however, was corrected by a deed of sale from Jefferson to Paysingle on December 11, 1912.
 

 . On January 14, 1913, J. Rogers Jefferson mortgaged to Joseph
 
 K.
 
 Herold to secure a note for $132.73 several tracts of land. Among the property mortgaged was the W.
 
 y2
 
 of S. W. % of section 26; township 21 north, range 15 west. This mortgage, therefore, embraced the E.
 
 y2
 
 of S. W. % of S. W. % of section 26, aforesaid, which was owned by Rebecca Paysingle.'
 

 On May 10, 1917, Joseph K. Herold foreclosed his mortgage only against the E.
 
 y2
 
 of S. W. % of S. W. % of section 26, township 21 north, range 15 west. At the sheriff’s' sale he became the adjudieatee and as such a formal deed was delivered to him. Subsequently, he instituted an ejectment proceeding against Rebecca Paysingle, who was occupying the property. Thereupon, Rebecca Pay-
 
 *324
 
 single brought suit to enjoin the proceeding and to annul the sheriff’s deed.' In this suit, she was successful, judgment being'" rendered in her favor on November 21, 1917.
 

 On February 21, 1922, Rebecca Paysingle, J. Rogers Jefferson and his wife, Adeline Jefferson, appeared before a notary public and executed a deed wherein Rebecca Paysingle transferred to Jefferson and wife the E. % of S. W. 14 of S. W. % of section 26, township 21 north, range 15 west, declaring in substance that she only held - title to the property for the use and benefit of the vendees, and that the purpose of the transfer was to put the title back in the true owners, Jefferson and his wife. Plaintiff learned of this transaction in the latter part of the year 1925, and shortly thereafter instituted this suit against J. Rogers Jefferson and Rebecca Paysingle:
 

 Plaintiff alleges fraud and estoppel by reason of the deed executed by Rebecca Pay-single and the Jeffersons on ,, February 21, 1922. ■
 

 Plaintiff was not a party to the deed; hence, her plea of estoppel is not well founded. Nothing is more fundamental in the law of estoppel than that strangers to a deed cannot invoke an estoppel arising therefrom. Schultz v. Ryan, 131 La. 78, 59 So. 21; Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 153.
 

 There is some apparently uncontradicted testimony in the record that when the deed of February 21, 1922, was executed between Rebecca Paysingle and J. Rogers Jefferson, neither of them was indebted in any amount to J. K. Herold; and, therefore, the pláintiff is without any interest to prosecute this suit. But be that as it may, we do not think that plaintiff has established her allegations of fraud.
 

 The sale from Jefferson to Rebecca Pay-single in 1907 was a bona fide transaction. The property, at the time, was out in the woods. Rebecca Paysingle took immediate possession and cleared and cultivated it. She built a house on the land and lived there continuously until she conveyed it to Jefferson in 1922, when she went to reside with her son on the Edith Smith place. Notwithstanding the several transfers and retransfers of the property from the time of its original acquisition by Rebecca Paysingle until her reacquisition thereof from J. Rogers Jefferson on December 11, 1912, she paid the taxes and exercised all the rights of an owner thereon. So that, on January 14, 1913, when the mortgage from J. Rogers Jefferson to J. K. Herold was executed, Rebecca Pay-single was the record owner in possession of the property in dispute, which the mortgagee could have easily ascertained. The recitals of the deed of 1922 whereby Rebecca Pay-single transferred the property to J. Rogers Jefferson and his wife do not alter the facts.
 

 Rebecca Paysingle and J. Rogers Jefferson are uneducated, country negroes. Their explanation of the purpose and manner of executing the deed on which plaintiff’s suit is' predicated is a reasonable one, and we so accept it. Both testified that after J. Rogers Jefferson had lost to J. K. Herold under legal proceedings his home and land north of and adjoining the property in dispute, Rebecca' Paysingle, in order to provide Jefferson (and: his wife) with a home, voluntarily offered to’ transfer the property to him on his promise to refund her as he would become able to do so the money she had expended on it. The offer was accepted, and the deed was executed in the form in which it appears, presumably under legal advice, so that the title could not be questioned and would be immune from
 
 *326
 
 attack by the heirs of Rebecca Paysingle in the event of her death.
 

 For the reasons assigned, the judgment appealed from is affirmed at the appellant’s dost.1