366 So.2d 1063 (1978)
In the Matter of the Succession of F. Grady MACK and Mary Purvis Mack.
Melissa Mack LINDER, J. D. Mack & Prestley Mack, Plaintiffs and Appellants,
v.
Columbus BLOUNT and Nellie Mack Blount, Defendants and Appellees.
No. 12381.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
Curtis K. Stafford, Jr., Baton Rouge, counsel for plaintiffs and appellants.
Davis A. Gueymard, Baton Rouge, counsel for defendants and appellees.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
CHIASSON, Judge.
Plaintiffs-appellants in this case seek to have reversed a judgment dismissing their petition for collation which was rendered pursuant to a motion for judgment on the pleadings filed by the defendants-appellees. Under the provisions of Article 965 of the Louisiana Code of Civil Procedure, we are limited in this case to a perusal of the pleadings and may include attached exhibits made part of the pleadings. We must assume as true all allegations of the petition not denied by the defendants and all well pleaded allegations of the answer. Succession of Killingsworth, 194 So.2d 331 (La.App. 1st Cir. 1966), writ refused 250 La. 175, 194 So.2d 738 (1967).
Our courts favor giving a party his day in court hence judgment on the pleadings *1064 and summary judgments are granted only when the legal right is clearly established. Brown v. B & G Crane Service, Inc., 172 So.2d 708 (La.App. 4th Cir. 1965). Therefore, the question on this appeal is whether that right has been clearly established by the pleadings.
The facts revealed by the pleadings are as follows: F. Grady Mack died intestate in Livingston Parish in November of 1948. His survivors were his wife, Mary Purvis Mack, and his four children, Melissa Mack Linder, J. D. Mack, Prestley Mack, and Nellie Mack Blount. On July 28, 1951, Mrs. Mary Purvis Mack and three of the children, Prestley Mack, J. D. Mack and Melissa Mack Linder, sold to the fourth child, Nellie Mack Blount, and her husband, Columbus Blount, the following property:
"A certain tract of land containing 90 acres of land more or less, and being the South 14 acres of the SE ¼ of SW ¼ of Section 4, T6S, Range 5 East, and the NE ¼ of NW ¼, and N ½ of SE ¼ of NW ¼, and all the land in North 30 acres of NW ¼ of NW ¼ lying East of a certain Gravel Highway, known as Doyle North Gravel Highway, lying and being in Section 9, T6S, Range 5 East, and being a part of the F. Grady Mack Estate, and being a portion of that land described in CB 63 page 404, 58, page 266, 58 page 169, 57 page 458, 56 page 403 and 42 page 595, and 15 page 531, of the Livingston Parish Public Records, LESS one acre tract previously reserved and dedicated as a cemetery. With all buildings and improvements thereon."
The act of sale recited that the sum of $1,000.00 cash was paid, receipt of which was acknowledged by the sellers. The defendants, the purchasers of the property, answered that the property was purchased subject to a mortgage on which was due a principal balance of $950.00 plus interest, which amount defendants paid in full.
Mary Purvis Mack died intestate in Livingston Parish in February of 1977. Mary Purvis Mack had married twice after the death of F. Grady Mack, but no children were born of these marriages. She was survived solely by her four children named hereinbefore.
Melissa Mack Linder was appointed by the court as administratrix for F. Grady Mack's and Mary Purvis Mack's successions. On October 28, 1978, Mrs. Linder individually, and in her capacity as administratrix of the successions, filed suit with J. D. Mack and Prestley Mack against Nellie Mack Blount and Columbus Blount for collation and to annul the 1951 sale on the basis that it was a donation in disguise.
The plaintiffs aver that the sale of the undivided interest belonging to Mrs. Mary Purvis Mack at the time of the sale was a donation in disguise since the price paid was below one-fourth of the real value of the property at the time of sale. Additionally, plaintiffs aver that this donation exceeded the disposable portion of the estate of the deceased and that the law requires collation and/or reduction accordingly.
Defendants in their answer affirmatively plead the defense of estoppel by deed; allege that in addition to the $1,000.00 paid, that an additional $950.00 was paid at the time of sale on the then due principal balance and interest on a mortgage on the property; and that Nellie Mack Blount was never the recipient of a donation from her mother and therefore no action for collation or reduction lies in favor of the decedent's remaining heirs.
Defendants plea of estoppel by warranty, sometimes known as estoppel by deed, is based on the theory that since plaintiffs executed the act of sale with their mother, they warranted complete title of the property to the vendees and are therefore forever estopped from denying the validity of the vendees' title or asserting an interest contrary to the title. Defendants cite the following cases as authority for their estoppel argument: Jeannin v. Bowman, Orleans No. 7386, annotated in West Louisiana Digest, Estoppel, Section 14, 8 La. D-80 (an unreported Orleans Court of Appeal 1918); Schultz v. Ryan, 131 La. 78, 59 So. 21 (1912); Lewis v. King, 157 La. 718, 103 So. 19 (1925) [overruled on other grounds]; Gaines v. Crichton, 187 La. 345, 174 So. 666 (1937); *1065 and Humble Oil & Refining Company v. Boudoin, 154 So.2d 239 (La.App. 3rd Cir. 1963).
Plaintiffs-appellants argue that under La. Civil Code Article 2444 that they, as forced heirs, are allowed to attack the sale of an immovable made by a parent to one of their children as a donation in disguise since the alleged price paid was below one-quarter of the real value of the immovable property sold at the time of sale.
Defendants-appellees' argument is that this action cannot be maintained since the appellants are estopped from attacking the sale on the basis of the warranty they gave when they signed the act of sale. The jurisprudence has recognized the affirmative defense of estoppel by warranty in the cases cited by defendants. We find that defendants-appellees' plea of estoppel by warranty is an extension of this jurisprudential concept.
The facts reveal that this is a sale of property by the mother and three co-heirs to a fourth heir of immovable property. The vendors were co-owners in indivision of this property, which was part of their deceased father's estate, and they gave a full and general warranty of title in the act of sale which extends to the entire title.
In Schultz, supra, the Supreme Court stated, ". . . the reason why the obligation of a joint vendor is held to extend to the entire title is that this obligation is from its very nature indivisible; but that this reason no longer applies when it comes to reimbursing the price, for then the obligation, being a mere money obligation, is necessarily divisible." The vendors are now asserting an interest contrary to the warranty they individually and jointly recited in the act of sale conveying the whole of the property.
While plaintiffs-appellants are bound by their own warranty of title and cannot attack the title of their vendees, they may still seek collation as provided by law. Even the unconditional acceptance of a succession does not deprive the heirs of the right to demand collation of each other. Gonsoulin v. Gonsoulin, 132 La. 737, 61 So. 774 (1913).
The trial court therefore erred in dismissing the plaintiffs-appellants' petition for collation on a motion for judgment on the pleadings.
For these reasons the judgment of the trial court is reversed and the case is remanded to the district court for further proceedings. Costs of this appeal are taxed against defendants-appellees; all other costs are to await the final disposition of this case.
REVERSED AND REMANDED.