COVINGTON, Judge.
This is an appeal from a judgment in favor of defendants, Columbus Blount and *123 Nellie Mack Blount, dismissing the petition for collation filed by plaintiffs, Melissa Mack Linder, J. D. Mack and Prestley Mack, on a motion for summary judgment. We reverse and remand.
This matter was previously before us on appeal from a judgment dismissing plaintiffs’ petition for collation on a motion for judgment on the pleadings filed by the defendants-appellees. On that appeal, we reversed and remanded, because we found that defendants-appellees’ right to judgment on the pleadings was not clearly established by the pleadings. See Succession of Mack, 366 So.2d 1063 (La.App. 1 Cir. 1978).
The facts are fully set out in the first Succession of Mack case. In her capacity as administratrix of the successions and individually, with J. D. Mack and Prestley Mack, Melissa Mack Linder filed suit against Columbus Blount and Nellie Mack Blount, for collation and to annul the subject sale. The gist of the petition was to the effect that the sale of the interest of their mother to the defendants was a donation in disguise in that the alleged purchase price was below one-quarter of the real value of the immovable property sold at the time of sale. LSA-C.C. art. 2444.
A reading of the pleadings, copy of the subject deed, depositions of Melissa Linder, J. D. Mack and Prestly Mack, affidavit of Columbus Blount, and the affidavits of two realtors, Kermit Williams and James F. Maxwell (which are not in agreement as to the value of the property at the time of the sale, almost 30 years ago), convinces us that the trial judge committed manifest error in sustaining defendants’ motion for a summary judgment. The case is not in a posture for such disposition. The affidavits, together with the depositions, pleadings and exhibits, show us that there is a genuine issue of material facts. The disputed facts are: the value of the property at the time of the sale; and the consideration, if any, actually paid by appellees for the property.
Appellants have offered, annexed to affidavits, the opinion of Kermit Williams, a realtor in East Baton Rouge Parish. He appraised the property, as of the time of the sale, at the sum of $4,050.00. Appellees, on the other hand, have offered an appraisal of James F. Maxwell, a realtor in Livingston Parish, which valued the property at $1,780.00. Appellants have maintained that appellees paid $1,000.00 total (in cash) for the property, which is the consideration recited in the deed; appellees have asserted that in addition to the $1,000.00 cash recited as consideration, they paid a mortgage of $950.00, plus interest. Appellants dispute this payment.
Therefore, a trial must be held on the issues of value of the property at the time of the sale, what consideration, if any, appellees actually paid, and any other issues flowing from the pleadings. Summary judgments should be sparingly granted. The courts have repeatedly held that a motion for summary judgment is not a substitute for a trial on the merits, Odom v. Hooper, 273 So.2d 510 (La.1973). In determining the genuineness of the issue, the courts are not permitted to consider the merits of the fact at issue, the credibility of witnesses, or whether the party alleging the fact will be able to sustain the burden of proving it. Fly v. Hand, 376 So.2d 1016 (La.App. 1 Cir. 1979).
Under LSA-C.C.P. art. 966, it is only where there is no genuine issue of a material fact and the mover is entitled to judgment as a matter of law that the motion for summary judgment can be granted. Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977); Fly v. Hand, supra.
The summary judgment granted by the trial court in favor of defendants is reversed. The case is remanded for a trial on the merits.
Costs of this appeal are taxed against defendants-appellees; all other costs are to await the final disposition of this case.
REVERSED AND REMANDED.