COLE, Judge.
The issue presented is whether or not plaintiffs have proven certain property was donated to defendant, Nellie Mack Blount, so that they are entitled to collate the property back into the succession of their mother.
*643 F. Grady Mack died intestate in Livingston Parish in November 1948. He was survived by his wife, Mary Purvis Mack, and four children: Melissa Mack Linder, J. D. Mack, Prestley Mack and Nellie Mack Blount. An undivided interest in certain real property located in Livingston Parish was inherited by the children, the remaining portion being the community interest of Mary Purvis Mack, their mother. Mr. Mack’s succession was not opened until 1977, after his wife’s death.
On July 28,1951, Mary Purvis Mack, Melissa Mack Linder, J. D. Mack and Prestley Mack executed an act of cash sale whereby they effected a sale of their interest in the tract of land to Nellie Mack Blount and her husband, Columbus Blount, for a stated consideration of $1,000. The property was described as follows:
“A certain tract of land containing 90 acres of land more or less, and being the South 14 acres of the SE XA of SW Vi of Section 4, T6S, Range 5 East, and the NE XA of NW XA, and N xh of SE XA of NW XA, and all the land in North 30 acres of NW XA of NW XA lying East of a certain Gravel Highway, know (sic) as Doyle North Gravel Highway, lying and being in Section 9, T6S, Range 5 East, and being a part of the F. Grady Mack Estate, and being a portion of that land described in CB 63 page 404, 58, page 266, 58 page 169, 57 page 458, 56 page 403 and 42 page 595, and 15 page 531, of the Livingston Parish Public Records, LESS one acre tract previously reserved and dedicated as a cemetary. With all buildings and improvements thereon.”
Mrs. Mary Purvis Mack died intestate February 18, 1977, and several months later Melissa Mack Linder was appointed admin-istratrix of the successions of F. Grady Mack and Mary Purvis Mack.
On March 22, 1978, plaintiffs (the heirs-vendors named above) filed suit against Nellie Mack Blount and Columbus Blount alleging the sale to them of Mrs. Mack’s undivided interest had been a donation in disguise, that the value of the donated land exceeded the disposable portion of Mrs. Mack’s succession, and therefore under La. Civ.Code art. 2444 they as heirs were entitled to a collation or reduction so as to bring the property back into the succession of Mary Purvis Mack.
This case has been before this court on two previous occasions. When first filed in the trial court, defendants obtained a judgment on the pleadings. We reversed and remanded. Succession of Mack, 366 So.2d 1063 (La.App. 1st Cir. 1978). Defendants then obtained a summary judgment, which we also reversed. Succession of Mack, 392 So.2d 122 (La.App. 1st Cir. 1980). The trial court then heard the merits of the case and once again ruled against plaintiffs and in favor of defendants. We now affirm the judgment of the trial court.
La.Civ.Code art. 2444 reads as follows:
“The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.”
Three expert real estate appraisers testified at trial as to the value of the property at the time of the sale in 1951. Defendants’ experts were James Maxwell and James Carpenter who estimated the land to be worth $20 and $29 an acre, respectively. Plaintiffs’ expert, Kermit Williams, valued the property at $45 an acre. All three used various comparable sales in the area. In oral reasons the trial court rejected the $20 an acre figure, accepted the other two figures as “reasonable,” averaged them, and arrived at the figure of $37 an acre. It found the land to be worth a total of $3,390 (90 acres at $37 an acre).[1] Since one-fourth of $3,390 is $847.50, the $1,000 paid was well over one-fourth the value of the land. Therefore, plaintiffs’ suit was dismissed.
Plaintiffs contend the trial court abused its discretion in “averaging” the two *644 appraisals to arrive at the $37 an acre. The trial court is granted a great deal of discretion in determining the value of land in expropriation cases [see State, Through Dept. of Highways v. Devall, 405 So.2d 1173 (La.App. 1st Cir. 1981)]. This discretion applies to any case where the value of real estate is at issue. We find no manifest error in the court’s handling of the property valuation.
This is not a case where the trial court simply took all three figures and arbitrarily averaged them to arrive at a value. The court totally disregarded Mr. Maxwell’s estimate as being too low and then examined the remaining two. It noted both experts were well qualified and both had presented “reasonable” figures. It declined to accept Mr. Williams’ $45 an acre figure because of “public knowledge” that this land was subject to flooding, a factor Mr. Carpenter considered but Mr. Williams did not. Further, the court may have been impressed by .testimony indicating the timber was cut prior to the sale. Mr. Carpenter evaluated the land as having no marketable timber while Mr. Williams considered it to have had at least some such timber. Under these circumstances, we find no abuse of discretion in the trial court’s method of arriving at a value for the property.
Even if we agreed with plaintiffs that the trial court abused its discretion and should, have accepted Mr. Williams’ estimate of $45 an acre, plaintiffs’ claim cannot be maintained. At the death of her father in 1948, Nellie Mack Blount, by operation of law inherited at least one-eighth (one-fourth of her father’s one-half) of the property.[2] La.Civ.Code art. 902. Therefore, at the time she and her husband purchased the property they were only purchasing a seven-eighths interest because she already owned one-eighth. This undivided interest equates to her owning 11.125 acres.[3] Therefore, defendants paid $1,000 for 77.875 acres, or $12.84 an acre. Using the $45 an acre figure, one-fourth of $45 is $11.25. Defendants thus paid more than one-fourth the market value of the land rendering the claim under La.Civ.Code art. 2444 invalid.[4]
Defendants also contend the property purchased was subject to a mortgage which materially decreased the appraised value and resulted in the price paid being considerably in excess of one-fourth of the net or real value. We need not address this contention, having decided to affirm on the grounds above discussed.
For these reasons, judgment of the trial court is affirmed. Appellants are to pay all costs.
AFFIRMED.

. The correct amount of acreage is 89 because one acre was reserved for a cemetery. Also, 90 acres at $37 per acre amounts to $3,293, not $3,390. One-fourth of $3,293 is $823.25. The slight error in calculation is, therefore, immaterial.

. She in fact inherited more than one-eighth because the property was partially the separate property of her father. But because the evidence did not indicate what percentage of the property was separate, we have treated it herein as totally community.

. We are figuring this on the basis of 89 acres.

.We recognize one of the defendant vendees was not a child of the decedent and, therefore, not subject to the provisions of article 2444 of the Civil Code. Likewise; three of the vendors were not conveying parents as envisioned by article 2444. This, however, does not alter treatment of the basic issue presented since the mathematical percentages would remain the same.