ALFORD, Judge.
This is an appeal from the granting of a summary judgment awarding the purchase price of certain word processing equipment and supplies to plaintiff, South Louisiana Systems, Inc. (SLS). Defendants, James McDowell Boone and James McDowell Boone and Associates (Boone and Associates) appealed, arguing that summary judgment was improperly granted. We agree.
SLS, in the course of its business of selling word processing equipment, contacted Boone and Associates, a professional law corporation. According to the record, the arrangement between the parties was apparently to be as follows: SLS was to sell certain equipment to United States Leasing Corporation (U.S. Leasing); U.S. Leasing was to, in turn, lease the equipment to James Boone and Boone and Associates.
The word processing equipment and some supplies were 'delivered to Boone and Associates on January 4, 1982. On or about February 4, 1982, SLS contacted Boone and Associates, notifying them that SLS was unable to arrange the leasing agreement between Boone and Associates and U.S. Leasing. The equipment was not returned to SLS and SLS filed this lawsuit.[1]
SLS sequestered the word processing equipment, and Boone and Associates’ “Motion to Dissolve Wrongfully Issued Writ of Sequestration” was denied. Summary judgment was thereafter granted in favor of SLS for the full purchase price of the equipment and supplies apparently based upon a contract of sale.
Summary judgment should be granted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA C.C.P. art. 966. The burden of showing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment; any doubt is to be resolved against the granting of summary judgment and in favor of a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Summary judgments should be sparingly granted; a motion for summary judgment is not a substitute for a trial on the merits. Succession of Mack, 392 So.2d 122 (La.App. 1st Cir.1980).
The burden of showing that there was a sale either at the time of the initial negotiations between SLS and Boone and Associates or at the time of the delivery of the equipment and supplies to Boone and Associates was not met. The amended petition of SLS plainly states that, “When negotiations first began between the representative of the plaintiff" and defendant, the sale was to be completed on a lease basis. However, it became impossible for such an arrangement to go forward.” The phrase “the sale was to be completed on a lease basis” refers to the undisputed fact that SLS was going to sell the equipment to U.S. Leasing and that U.S. Leasing was to then lease that same equipment to Boone and Associates. This arrangement was never consummated and, even if it had been, SLS would not have had a sale to Boone and Associates but, rather, to U.S. Leasing. Nothing in the record contradicts this finding;
*1282 We further note that although there were some discussions between SLS and Boone and Associates concerning the equipment on or about February 4, 1982, or one month after the delivery of the equipment and supplies, nothing in the record indicates that a sale was concluded at that time. Therefore, the granting of summary judgment for the full purchase price was inappropriate. There are yet unresolved genuine issues of material fact in this case, including the nature of the arrangement between SLS and Boone and Associates, as well as to the true intent of the parties.
Accordingly, for the foregoing reasons the judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this ruling. Costs of this appeal are taxed against plaintiff-appellee; all other costs are to await final disposition of this case.
REVERSED AND REMANDED.

. The record indicates that Boone and Associates did not return the equipment because they understood that they had leased the equipment.