RLEES, Judge.
Plaintiff, Pal Construction Corporation (Pal), filed suit against defendant, Leonard B. Hebert, Jr. & Company, Inc. (Hebert), for damages in the amount of $184,770.72 arising from defendant’s alleged breach of a construction subcontract between the parties. Defendant filed a motion for partial summary judgment seeking to have certain claims of Pal dismissed. From the trial court judgment dismissing all of its claims for delay damages, plaintiff appeals.
On April 20, 1982, Hebert entered into a subcontract with Pal to erect structural steel on a project known as the “SA2 Silo and Piperack Extension” at the Raiser Aluminum and Chemical Corporation Facility in Grammercy, Louisiana. The job was let to plaintiff for $144,775.00 and was to last a total of sixteen (16) weeks. When the job was finally completed in December of 1982, it had lasted a total of thirty-four (34) weeks. Pal asserts that the overrun and delays were due to inefficiencies on the part of Hebert and/or those under contract to Hebert.
As a result of the delays and overrun, Pal sought reimbursement for the extra time and effort it took to complete the job, as well as the inherent losses that were associated with having had to work on the project longer than expected. Pal sent Hebert a bill in the amount of $331,010.11. Hebert paid Pal $161,239.39 but refused to pay the balance of $169,770.72, which Pal claimed was due on the subcontract. Pal filed suit seeking the alleged balance due and incidental expenses, including attorney fees as the result of the extended work. Shortly thereafter, Pal, itemizing the alleged damages due, amended its petition to read as follows:
Y.
Loss Productivity $ 85,534.23
Unpaid Balance Under the Contract $ 21,720.44
Unpaid Back Charges (extra work) $ 75,625.16
Labor Rate Increase $ 9,214.36
Extended Equipment Costs $ 18,051.79
Extended Overhead Expenses $ 20,215.89
Loss of Income between July 31,1983 and July 31, 1986 $240,239.00
TOTAL AMOUNT $470,600.57.”
(sic)
IX
... together with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings.”
Hebert filed a motion for partial summary judgment arguing that plaintiff’s recovery for compensation for “extra” work was based on the equitable doctrine of quantum meruit as no contract existed between Pal and Hebert for the claimed extra work. Hebert argued that Pal’s demand for “loss of productivity”, “extended equipment costs” and “loss of income between July 31, 1983 and July 31, 1986” had no basis for recovery under quantum meruit as the doctrine allows for recovery only for the actual cost of labor and materials, including general overhead and a reasonable or fair profit. Hebert further argued that because Pal’s claim was based on quantum meruit, legal interest in such a suit is granted only from the date of final judgment and not from the date of demand. After a hearing on the matter, the trial judge granted Hebert a partial summary judgment dismissing Pal’s claims for “delay damages”. The signed judgment failed to enunciate which of Pal’s claims constituted delay damages, and no reasons for judgment were given.
*19 On appeal, Pal argues that the delay-damages it seeks are based on a breach of contract between Pal and Hebert, and that under LSA-C.C. article 1995, it can recover for losses sustained and profits of which its has been deprived.
Hebert contends that the extended duration of the job cannot, as a matter of law, constitute a breach of contract because the express provisions of the general contract and subcontract contain a waiver of any delay damages on the part of Pal. Specifically, Hebert relies on article 25 of the general conditions of the general contract between it and Kaiser Aluminum and paragraph 4(B) of the subcontract between it and Pal.
Article 25 of the general contract reads as follows:

Delays:

In the event of delay to Contractor resulting from interference by Owner, delay or failure of Owner in making the cite available or in furnishing any items required to be furnished by Owner to Contractor pursuant to this Contract, or Acts of God, extraordinary condition of the weather for the area and time of year in which the Work is to be performed, strikes, walkouts, work stoppages, labor disturbances, slowdowns, boycotts, or compliance with labor agreements, fire or unforseeable shortage of materials or equipment elsewhere in the Contract, for no other cause or causes, Contractor shall be entitled to an extension of time only with regard to the completion requirements affected by such delay and only by the amount of time he is actually delayed thereby in the performance of the Work, provided notice is given as hereinafter provided. Contractor shall not be entitled to, and hereby waives any and all claim to, increased compensation for, or damages which he may suffer from, any such causes. Contractor shall not be entitled to any such extension of time for delay from any such causes unless he notifies Owner in writing within five (5) days of the commencement of each such cause or the occurrence thereof, of the probable duration thereof, together with essential supporting data, and thereafter given prompt written notice of the termination thereof. Any request for an extension of time shall be accompanied by a revised Construction Schedule, which if approved by Owner, shall become Contractor’s Performance Schedule.
Paragraph 4(B) of the subcontract reads as follows:
(b) Subcontractor is fully familiar with the job site, working conditions, and the plans and specifications and general conditions of the contract between Owner and Contractor, and Subcontractor binds itself to Contractor, in respect to the subcontract work, as Contractor is bound to the Owner.
Hebert argues that because the subcontract between it and Pal binds Pal as to the performance of the work and obligations thereunder in the same fashion as Hebert is bound unto Kaiser aluminum, Pal has expressly waived any right or cause of action for recovery of delay damages against Hebert. By the express wording of the general conditions of the general contract, Pal has expressly stipulated against recovery for any extra costs or expenses associated with delays experienced in Pal’s performance of its work for any cause. Hebert states the issue of the delays in performance of the contract work was clearly addressed in article 25 of the general conditions of the general contract, and as a result, Pal should be limited to quantum meruit recovery.
Pal contends that article 25 is enforceable only where no breach of contract exists. Pal argues that Hebert breached its obligation under the subcontact when Hebert failed to timely pay it for the work done, and therefore, the delay clause is not applicable.
Summary judgment should be granted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. article 966. The burden of showing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment; any doubt is to be resolved against the granting of summary judgment and in fa *20 vor of a trial on the merits. Chaisson v. Dominque, 372 So.2d 1225 (1979). Summary judgments should be sparingly granted; a motion for summary judgment is not a substitute for a trial on the merits. South Louisiana Systems, Inc. v. Boone, 451 So.2d 1280 (La.App. 1st Cir.1984).
Hebert’s motion for partial summary judgment was accompanied by a memorandum in support of the motion. There were no affidavits filed. The burden of showing that there was no breach of contract on its part or that the delays and overrun of the contract were strictly due to a cause or causes provided for in article 25 of the general conditions of the general contract was not met. There are questions as to whether Hebert paid Pal all that was owed under the original contract and whether it paid Pal for work performed pursuant to its change orders. Additionally, Pal was forced to refabricate steel on the job site before it could erect the steel. Whether this delay was caused by Hebert and one which falls under article 25 of the general conditions of the general contract must also be answered before it can be said that, as a matter of law, Pal is not entitled to delay damages.
While we are aware that “... it is not against public policy for contracting parties to agree that in case one of them fails to perform a certain act timely and thus delays the other in the performance of his obligations, the former will not be held responsible for damages caused by the delay.” Freeman v. Department of Highways, 217 So.2d 166 (La.1968) (On Rehearing), we are satisfied that in this particular case there remain issues of material fact which have not been foreclosed on, thereby precluding a partial summary judgment.
Accordingly, the partial summary judgment in favor of Hebert is reversed and set aside. The case is remanded to the trial court for further proceedings.
REVERSED; SET ASIDE AND REMANDED.